Filed 02/10/11                    Case 10-36150                                   FILED
                                                                                  February 10, 2011
                                                                                  CLERK, U.S. BANKRUPTCY COURT
                                                                                  EASTERN DISTRICT OF CALIFORNIA

                                                                                  0003273585

1 | CHRISTOPHER M. MCDERMOTT (CA SBN 253411)
2 | STEFANIE A. SCHIFF (CA SBN 265382)
  | PITE DUNCAN, LLP
3 | 4375 Jutland Drive, Suite 200
  | P.O. Box 17933
4 | San Diego, CA 92177-0933
  | Telephone: (858) 750-7600
5 | Facsimile: (619) 590-1385

6 | Attorneys for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2006-HE1 TRUST, ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2006 HE1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 10-36150 |
| KARIN M. FRANK, | Chapter 11 |
| Debtor(s). | D.C. No. PD-2 |
| | MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2006-HE1 TRUST, ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2006 HE1, | LBR 4001-1 and 9014-1(f)(1) |
| Movant, | DATE:    March 14, 2011<br>TIME:    10:00 a.m.<br>CTRM:    28 |
| vs. | 501 "I" Street<br>Sacramento, CA 95814 |
| KARIN M. FRANK, Debtor(s), | |
| Respondents. | |

/././

/././

/././

/././

/././

TO THE RESPONDENTS NAMED ABOVE:

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2006-HE1 TRUST, ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2006 HE1[1] ("Movant"), respectfully represents as follows:

### RELIEF FROM STAY - CAUSE

### FAILURE TO MAKE PAYMENTS

1) This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157 and 11 United States Code § 362.

2) On or about June 21, 2010, Karin M. Frank ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

3) On or about September 1, 2006, Lynn M Guintini ("Borrower"), for valuable consideration, made, executed and delivered to Option One Mortgage Corporation ("Lender") a Note in the principal sum of $260,000.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments commencing November 1, 2006, and continuing until October 1, 2036, when all outstanding amounts are due and payable. A copy of the Note is attached to the concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

4) On or about September 1, 2006, Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 564 Oakborough Ave, Roseville, California 95747 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 13,

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

2006, in the Official Records of Placer County, State California. A copy of the Deed of Trust is attached to the Exhibits as exhibit B and incorporated herein by reference.

5) Subsequently, Lender's beneficial interest in the Note and Deed of Trust was assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated herein by reference.

6) On or about December 29, 2008, an Individual Grant Deed – Deed-In-Lieu Of Foreclosure was recorded in the Placer County Recorder's office whereby Lynn M. Guintini purported to transfer interest in the Subject Property to Debtor, for no consideration. A copy of the Individual Grant Deed – Deed-In-Lieu Of Foreclosure is attached to the Exhibits as exhibit D and incorporated herein by reference.

7) The Debtor is in default of her obligations under the Note for failure to make payments as of January 1, 2009. As of December 9, 2010, the total amount owing under the Note is the approximate sum of $307,018.82, representing the principal balance of $267,050.88, interest in the sum of $27,034.28, late charges in the amount of $133.52, escrow advances in the amount of $9,682.46, recoverable balance in the amount of $3,042.68, and other fees in the amount of $75.00. Further, Movant has incurred additional attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $40,386.70, excluding the attorneys' fees and costs incurred in filing the instant Motion. An additional payment will come due on January 1, 2011, and on the 1st day of each month thereafter.

8) A debtor's failure to make payments as they become due in a Chapter 11 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code § 362(d)(1). Accordingly, as the Debtor has failed to make payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

/././

/././

/././

**RELIEF FROM STAY**

**LACK OF EQUITY AND SURRENDER**

9) Movant is informed and believes that, based on the Debtor's bankruptcy Schedules, the fair market value of the Real Property is no more than $139,000. Copies of Debtor's bankruptcy Schedules A and D are collectively attached to the Exhibits as exhibit E and incorporated herein by reference.

10) Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $139,000 |
| Less: | |
| Movant's Trust Deed | $307,018.82 |
| Placer County Tax Coll's Property Taxes | $3,300.00 |
| Costs of Sale (8%) | $11,120.00 |
| Equity in the Property: | $<182,438.82> |

As a result, there is no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Finally, on November 8, 2010, the Debtor indicated on the record she would surrender the Subject Property in full satisfaction of Movant's claim. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

11) If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

**RELIEF FROM STAY - CAUSE**

**ADEQUATE PROTECTION**

12) Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

13) Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

14) Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

15) By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1) Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2) That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3) Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4) The Order Terminating Stay of 11 U.S.C. § 362 shall be binding and effective and supersede any subsequently entered confirmation order that confirms a Chapter 11 Plan of Reorganization providing for the treatment of Movant's claim.

5) Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

6) Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

| | |
|---|---|
| 1 | 7) That the attorneys' fees and costs incurred by Movant for filing the instant Motion |
| 2 | be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy |
| 3 | law; and |
| 4 | 8) For such other and further relief as the court deems just and proper. |

Dated: February 10, 2011          PITE DUNCAN, LLP

/s/ Stefanie A. Schiff
STEFANIE A. SCHIFF
Attorneys for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2006-HE1 TRUST, ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2006 HE1