Filed 05/10/11    Case 10-36150    Doc 346

FILED
May 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003481822

Evan Livingstone, SBN 252008
ATTORNEY AT LAW
740 4th St #215
Santa Rosa, CA 95404
Tel: (707) 206-6570
Fax: (707) 676-9112

Attorney for Movant Dimitrios Zahariudakis

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>    Karin M Frank<br><br>    Debtors | Case No.    10-36150<br>Chapter 11<br>Judge: Hon. M. McManus<br>Hearing Date<br>Date: June 6, 2011<br>Time: 10:00 AM<br>Location: Dept A, 501 I St, Ctrm 28, Sacramento, CA |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

TO THE HON. M. MCMANUS, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR, THE CHAPTER 7 TRUSTEE, AND ALL INTERESTED PARTIES:

    Dimitrios Zahariudakis, ("Movant"), by and through counsel Evan Livingstone, hereby moves the Court for an Order granting Movant relief from the automatic stay to exercise its remedies under its Mortgage and Hawaiian law, in order to foreclose upon and sell the Subject Property located at 110 N Yolo St, Willows, CA, APN: 003-103-013-0 ("Subject Property"). This motion is based upon the following facts and circumstances, as shown by the Declaration of Dimitrios Zahariudakis and exhibits attached in support thereof:

//

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 361 and 362 of the United States Bankruptcy Code and Rules 4001, 9013, 9014 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Movant is an individual residing in the State of California.

3. Karin M Frank (hereinafter, the "Debtor") filed the above captioned Chapter 11 case on 6/21/2010.

4. Debtor in Possession( "Trustee") is the duly appointed and acting Chapter 11 Trustee in the above-captioned case.

5. Movant is the holder of a Promissory Note dated May 8, 2007, in the original principal sum of $336,000 ( the "Note"). The Note is secured by a duly perfected Deed of Trust (Mortgage) over the Subject Property. The Subject Property is legally described in the Deed of Trust (Mortgage – See attached).

6. Pursuant to the terms and conditions of the Note and Deed of Trust, the Debtors are obligated to make monthly payments in the amount of $3,360 on the first day of each month.

7. Debtor has defaulted under the terms and conditions of the Note and Deed of Trust in that the Debtor failed to make all monthly payments due, and is delinquent about 36 months.

8. According to Debtor's Schedule A filed with the Court, Subject Property is Not Scheduled.

9. According to Debtor's Schedule D the amount due and owing to Movant is not scheduled. Movant believes the amount due is as of filing date was $336,000, plus interest.

WHEREFORE, Movant prays for an Order as follows:

1. Granting Movant, its assignees and/or successors in interest immediate relief from the automatic stay pursuant to 11 U.S.C. Section 362 for all purposes necessary under state law, in order to foreclose upon and sell the Subject Property, either judicially or by foreclosure.

2. Granting Movant, its assignees and/or successors in interest immediate relief from the automatic stay pursuant to 11 U.S.C. Section 362 for all purposes necessary under state law, in order to seek a deficiency judgment against debtor personally;

3. In the alternative, if immediate relief is not granted, granting Movant and its successors and assigns adequate protection;

4. Movant further requests that the Court waive or shorten the 14 day waiting period prescribed by Federal Rule of Bankruptcy Procedure, Rule 4001(a)(3);

5. That this Order be binding on the Debtors and the Trustee with respect to any subsequent conversion to another chapter which may affect Movant's interest in the Property;

6. For such other and further relief as this Court deems appropriate.

Dated: May 10, 2011                                Respectfully Submitted,


                                                   /s/Evan Livingstone
                                                   Evan Livingstone, Attorney for Movant


DECLARATION OF MOVANT DIMITRIOS ZAHARIUDAKIS

I Dimitrios Zahariudakis am the holder of the Note in this motion.

I declare under penalty of perjury I have personal knowledge of the facts asserted in this motion, and I declare they are true and correct.

Dated: May 10, 2011                                /s/Dimitrios Zahariudakis
                                                   Dimitrios Zahariudakis

Evan Livingstone, SBN 252008
ATTORNEY AT LAW
740 4th St #215
Santa Rosa, CA 95404
Tel: (707) 206-6570
Fax: (707) 676-9112

Attorney for Movant Dimitrios Zahariudakis

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>    Karin M Frank<br><br>    Debtor | Case No.   10-36150<br><br>Chapter    11<br><br>Judge:    Hon. M. McManus<br><br>Date:    June 6, 2011<br>Time:    10:00 AM<br>Location: Dept A, 501 I St, Ctrm 28, Sacramento, CA |

**PROPOSED ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

On June 6, 2011 at 10:00 AM, in the Courtroom of the Hon. M. McManus of the above-entitled Court, the Motion of Secured Creditor, Dimitrios Zahariudakis, his successors and/or assigns ("Movant"), for Relief From Automatic Stay, came on regularly for hearing. Evan Livingstone, appeared on behalf of Movant. Other appearances were as noted on the record.

Upon review of Movant's Motion, any opposition thereto, having heard oral arguments of counsel, and with good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. Movant is granted immediate relief from the automatic stay to take any and all actions, including but not limited to, foreclosure and sale, to enforce its lien on real property located at 110 N Yolo St, Willows, CA, APN: 003-103-013-0, County of Glenn.

2. Movant is granted immediate relief from the automatic stay to take any and all actions, including but not limited to judicial foreclosure against the real property located at 110 N Yolo St, Willows, CA, APN: 003-103-013-0, County of Glenn, and a deficiency judgment against debtor Karin M Frank personally.

3. That the requirements of Bankruptcy Rule 4001(a)(3), be waived;

***END OF ORDER***