UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Karin M. Frank | **Case No :** | 10−36150 − A − 11 |
| | | **Date :** | 6/6/11 |
| | | **Time :** | 10:00 |
| **Matter :** | [346] − Motion for Relief from Automatic Stay Filed by Creditor Dimitrios Zahariudakis (Fee Paid $150) (nkrs) <br> [346] − Motion/Application for Adequate Protection Filed by Creditor Dimitrios Zahariudakis (nkrs) | | UNOPPOSED |
| **Judge :** | Michael S. McManus | | |
| **Courtroom Deputy :** | Sarah Head | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Denied without prejudice
See final ruling below.

The court will issue a minute order.

Final Ruling: The motion will be denied without prejudice.

The motion will be denied because it is not supported by any evidence, such as a declaration or an affidavit to support the motion's factual assertions. This violates Local Bankruptcy Rule 9014−1(d)(6), which provides: "Every motion shall be accompanied by evidence establishing its factual allegations and demonstrating that the movant is entitled to the relief requested. Affidavits and declarations shall comply with FRCivP 56(e)." The supporting declaration states only that the movant is "the holder of the Note in this motion." There is no evidence of any other facts asserted in the motion, including the loan amount, that the debtor signed note, that the debtor owns the property, the amount owed on the note, or the value of the property.

Further, the movant has not complied with Local Bankruptcy Rules 9014−1(e)(3), which requires that a motion be accompanied by a separate proof of service. Appending a proof of service to one of the supporting documents does not satisfy the local rule. The proof of service must be a separate document so that it will be docketed on the electronic record. This permits anyone examining the docket to determine if service has been accomplished without examining every document filed in support of the matter on calendar.

Also, the notice of hearing violates Local Bankruptcy Rule 9014−1(d)(3), which requires the notice to indicate whether and when written opposition must be filed. The subject notice of hearing does not indicate whether and when written oppositions must be filed.

Finally, counsel is reminded that all matters placed on the calendar must be given a unique docket control number as required by Local Bankruptcy Rule 9014−1(c).